O’Neall, J.
In this case it is necessary to consider, 1st. whether the execution issued, upon the sheriff’s return of a devastavit, against the defendants de bonis fropriis, be regular or irregular ? 2nd. whether the verdict is found upon the issue 1 and 3rd. if not, then can the plaintiff amend the verdict and all subsequent proceedings ?
1. About the irregularity of the execution issued de bonis propriis against the defendants, upon the sheriff’s return of a devastavit, I should never have entertained a doubt, had it not been for the known accuracy and technical regularity of the counsel tvho issued it. This has induced me to bestow possibly more attention upon it, than I otherwise should have done. The result, however, of my reflection on the subject, has been to strengthen and confirm my former opinion.
In an action against an executor or administrator as such, he can only be made liable de bonis propriis by pleading a false plea, which will be a perpetual bar to the plaintiff, and which of his own knowledge he knows to be false. Bac. Ab. Tit. Executors and Administrators M. 1. Hubbell v. Fogartie, 1 Hill, 68. Under all other circumstances he is liable to the extent of the assets in his hands. Even if he pleads plene ad-ministravit generally or praeter, and this plea is found against him, he would be only liable so far as he was found to have assets. Bac. Ab. Tit. Executors and Administrators, M. 1 note d. In the case of Rock v. Leighton, 1st. Salk. 310, it was held that “if an executor confesses or suffers judgment by default, he admits assets and is estopped to say the contrary.” But as is said in Giles v. Pratt, 1 Hill, 243, “the judgement for the debt is, however, de bonis testatoris, and the defendant is made liable de bonis propriis by an action of debt suggesting a devastavit.” It may bo that in England the sheriff might find and return the devastavit, and upon his doing so that the execution issued in this case might be regular. But in this State he has no right to summon a jury and hold a sheriff’s court for any purpose. He is for all purposes and to all intents a mere ministerial officer.' He may return the execution, nulla bona, and from this the law may imply a devastavit against an executor or administrator, in such cases as by his *450 pleading, 'his confession, or default, he has admitted assets and is estopped to deny the same.
In Jones v. Anderson, 4 M’C. 118, Judge Colcock, who delivered the opinion, cites with approbation the remarks of the Court of Appeals of Virginia, which said that “A suggestion of a devastavit may be likened to a criminal prosecution, and an executor shall not bo presumed guilty of a devastavit until it is found against him, by verdict.” I concur fully in this dictum. An executor or admistrator is not to be made liable de bonis propriis until his devastavit is legally and formally established. In this State this can only be done by establishing first, his testator’s debt by matter of .record ^ (i. o. a judgement recovered de bonis testatoris against the executor or administrator) second, assets admitted by the defendant’s plea, confession or default, or found by the verdict of a jui‘y on and against the plea of plena adminislravit generally or praeter; and third, that the defendant has wasted such assets. These are facts which, although they may bo proved by matter of record, must be found against the defendant by the verdict of a jury, before judgment and execution can go against him de bonis propriis.
The judgment, in an original action against an executor or administrator ©n the debt or'demand against his testator or intestate (when the executor or administrator does not plead a false plea in bar, which is of his own time,) does not authorize an execution de bonis propriis. For the judgment generally is for the debt de bonis testatoris, and for the costs de bonis testatoris si &c. et si non tunc de bonis propriis. Under such a judgement how can an execution ever issue for the debt against the executor de bonis propriis 1 The execution must conform to the judgement, and if it departs from it it may bo set aside. I am hence well satisfied that the execution de bonis propriis issued against the defendants -is void, and was properly set aside by our highly valued and much regretted brother Martin.
2. It seems upon 'looking into the proceedings that the verdict docs not find the facts which were in issue by the pleadings. We are • compelled to disregard the written statement of the defendant’s attorney as to his consent that only certain matters should‘be inquired into by the jury. The replication concluding to the country had traversed and denied all the facts contained in his plea; and to that his simili-ter must be considered as put in. If the jury had found against him the facts which he now admits he consented that they might so find, then his consent would have concluded the defendants. But now it cannot bo looked into. The verdict must bo judged of by the pleadings actually put in, and the verdict must bo regarded as found so far as the proof author" ined the finding, and no farther.
*451 To have covered the only material questions made by the pleading, in was necessary that the verdict should have found that Clifton’s and Hall’s judgements were satisfied- in the testator’s lifetime, and that over above the dioses in action mentioned in the defendant’s plea, or with them, that the defendant had assets to such an amount applicable to the plaintiff’s demand alone ; or first to the other judgements mentioned in the defendant’s plea, the physicians bill, the costs and charges of administration,and then to the plaintiff’s and the other debts against the estate rateably and in proportion. For the facts involved in such a verdict were directly put in issue by the replication to the plea of plene administravit praeter.
Instead of such a finding the jury merely find that the defendant had goods and chattels which were of the deceased at the time of his death to the value of $1040, 63, and assess the damages of the plaintiff to the same sum.
Under this verdict it is impossible to say whether the amount so found is inclusive or exclusive of the dioses in action mentioned in the plea, and whether it is-applicable to the plaintiff’s debt alone, or first to the judgments, physician’s bill and costs of administration ; or to the plaintiffs with the other debts of the estate rateably and in proportion. Upon so uncertain a finding no judgement can be entered up. It hence follows that the order vacating the judgment and execution is also correct,, unless the plaintiff had the right to amend.
3. The plaintiff may amend as long as he has any thing-to amend by: he can amend all- the subsequent proceedings in a cause by the former ones» He may too. amend a verdict in cases of palpable mistake. Bank of Pennsylvania v. Condy, 1 Hill, 210. But to authorize such an amendment, the mistake and its correction must appear by the record. In this case the very uncertainty of the verdict under the pleadings, which vacates the judgement, will prevent an amendment. There is nothing on the record which will enable us to say what the jury intended to find. No amendment can therefore be made. But I think the plaintiff is entitled to have a venire de novo, as the finding of the jury will not warrant any judgement to be entered up thereon.
The motion to reverse the decision of the judge below in this case, and also in the case of Robert Miller v. these defendants, C. B. Wood v. the same, W. Montgomery v. the same; The administrator of Wm. Branthwaite v. the same; M. Ford, v. the same; Sarah Candlish v. the same; Thomas Wells v. the same; Wm. Cline v. the same; J. H. Chappell v. the same; which depend upon the same facts and the same pleadings (which it is admitted) are to be considered as put in, is dismissed, and a venire de novo is awarded in each of the cases *452 where the plea of plene administravit was not iu fact filed; the defendants and the plaintiffs have leave to plead and reply; as they have done in the ease of the Executrix of John D. Brown v. Mary Hillegas and George A. Hillegas, and in all the cases to join the issue by putting in the similiter.
Johnson and Harper, Js. concurred.